**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred E Caraffa, | No. CV-19-05535-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Taco Bell, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Alfred E Caraffa's Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court hereby grants. The Court will screen Caraffa's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served. Pursuant to that screening, the complaint will be dismissed.

**I.     Legal Standard**

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

---
[1] Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

*Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

"If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend before the final dismissal of the action." *Ball v. Cty. of Maricopa*, 2017 WL 1833611, *1 (D. Ariz. 2017) (concluding that complaint could not be amended to state a cognizable claim and dismissing with prejudice).

**II.   Analysis**

Caraffa sued four defendants: (1) Taco Bell Cantina, (2) Phoenix Police Officer Ramos (#08017), (3) Phoenix Police Officer Lenguyen (#06445), and (4) John Doe, the manager of the Taco Bell Cantina in Collier Center (201 W. Washington St.).

The facts alleged by Caraffa, in their entirety, are as follows:

[W]as trespassed [sic] by Phoenix police from Taco Bell Cantina for panhandling on the public sidewalk[.] [I] later entered Taco Bell [and was]

> told by the manager I could order, [b]ut had to leave[.] I stated his [a]ction[s] were [b]ases for civil lawsuits[.] [The manager] called the police [a]fter I left the business [and] made my way to 2nd and Washington train station.

(Doc. 1 at 4.)

Caraffa included in his complaint a Phoenix Police Department "traffic ticket and complaint," dated October 25, 2019, issued by Officers Ramos and Lenguyen, charging Caraffa with "3rd degree trespass – real property" in violation of A.R.S. § 13-1502(A)(1)[2]. (Doc. 1 at 7.) The ticket informed Caraffa that he must appear at Phoenix Municipal Court on November 4, 2019, at 2:00 p.m. (*Id.*)

In the jurisdictional section of the pro se complaint form requiring the plaintiff to "[l]ist the specific federal statues, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Caraffa wrote: "Due process, [a]buse of [p]ower[,] [h]arassment of sexual orientation, discrimination of sexual orientation under [F]irst Amendment[,] making false statements to police." (Doc. 1 at 3.) This is the only section that indicates the nature of the claims Caraffa intends to bring.

As relief, Caraffa requests $180 million in actual damages, $50 million in punitive damages, and $30 million "for facts" in "exemplary damages."

The facts Caraffa alleges do not give rise to any cognizable claims. To the extent Caraffa believes he did not violate A.R.S. § 13-1502(A)(1), he was given a court date on which he could contest the charge.[3] Caraffa did not include any allegations regarding anything the manager said to the police, so there are no facts to support a cause of action regarding false statements. There are also no facts alleged to support a claim that any defendant discriminated against Caraffa or harassed him due to his sexual orientation, nor does Caraffa identify laws that would prohibit the discrimination if it were adequately

---

[2] The statute provides that "[a] person commits criminal trespass in the third degree by . . . [k]nowingly entering or remaining unlawfully on any real property after a reasonable request to leave by a law enforcement officer, the owner or any other person having lawful control over such property, or reasonable notice prohibiting entry." A.R.S. § 13-1502(A)(1). "Criminal trespass in the third degree is a class 3 misdemeanor." *Id.* § 13-1502(C).

[3] Caraffa filed his complaint on October 30, 2019, five days before his scheduled court date for the alleged violation of A.R.S. § 13-1502(A)(1).

- 3 -

alleged.

Furthermore, the Court has an obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Caraffa asserted two bases for federal court jurisdiction: federal question and diversity of citizenship. (Doc. 1 at 3.)

The only federal law cited is the First Amendment, which Caraffa asserts as grounds for a discrimination claim based on sexual orientation. (Doc. 1 at 3.) The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." The First Amendment does not appear to give rise to any claim in this litigation, and therefore Caraffa has failed to establish federal question jurisdiction.

Caraffa also failed to adequately plead jurisdiction based on diversity of citizenship. Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Caraffa alleged he is a citizen of California (Doc. 1 at 3) and all of the defendants are citizens of Arizona (*id*. at 4, 6). However, Caraffa alleged no facts that would support actual damages and has identified no source of statutory damages. Therefore the Court cannot construe Caraffa's requested relief as a good faith allegation regarding the amount in controversy in this action. *Cf. Williams v. Taco Bell*, 2019 WL 112980, *3 (E.D. Cal. 2019), *report and recommendation adopted,* 2019 WL 1095143 (E.D. Cal. 2019) ("Plaintiff's original complaint alleged that she had incurred expenses for her doctor, x-rays, and physical therapy, and the Court previously has found that her request for five million dollars in damages was 'not a good

faith allegation regarding the amount in controversy in this matter, and it is questionable whether the amount in controversy would be met considering that Plaintiff has only alleged that she has incurred limited medical bills due to her injury.'").

The Court further notes that this lawsuit is one of several suits Caraffa has recently filed in federal court naming Phoenix Police Officers as defendants.[4] Indeed, Caraffa has been informed by at least two other judges in the past two months that he cannot proceed with a lawsuit unless he provides specific *facts* to support his claims. *See, e.g.*, *Caraffa v. Ehrbright et al*, 2:19-cv-05136-SPL (dismissed with leave to amend at Doc. 6 ["The Complaint does not provide notice to any defendant as to how Plaintiff's rights were allegedly violated."]); *Caraffa v. Phoenix Police Department et al*, 2:19-cv-05548-JJT (dismissed with leave to amend at Doc. 7 ["[The] allegations in the Complaint do not even begin to indicate what conduct Plaintiff believes violated his constitutional rights."]).

The Court will dismiss the complaint with leave to amend. "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted). "If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend before the final dismissal of the action." *Ball v. Cty. of Maricopa*, 2017 WL 1833611, *1 (D. Ariz. 2017).

Caraffa's amended complaint must adhere to all portions of Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Additionally, Caraffa is advised that the amended complaint must satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, the amended complaint shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of each specific claim asserted against each Defendant, and a good faith demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). These pleading requirements are to be set forth in separate and discrete numbered paragraphs, and "[e]ach allegation must be simple, concise,

---

[4] Caraffa also recently filed a federal lawsuit against the Tempe Police Department. *Caraffa v. Tempe Police Department et al*, 2:19-cv-05492-MTL-ESW.

and direct." Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

Caraffa is advised that if the amended complaint fails to comply with the Court's instructions explained in this Order, the action may be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). Given this specific guidance on pleading requirements, the Court is not inclined to grant Caraffa leave to file another amended complaint if the first amended complaint is found to be deficient. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Caraffa is directed to become familiar with the Local Rules and the Federal Rules of Civil Procedure and is reminded that the Federal Court Self-Service Clinic provides free civil legal help to self-represented litigants. (*See* Notice to Self-Represented Litigant, Doc. 5 at 7.)

Accordingly,

**IT IS ORDERED granting** the Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED** that Caraffa's complaint (Doc. 1) is **dismissed** with leave to file an amended complaint by **December 5, 2019**. The amended complaint must adhere to LRCiv 7.1.

**IT IS FURTHER ORDERED** that if Caraffa fails to file an amended complaint by **December 5, 2019**, the Clerk of Court shall terminate the action.

Dated this 5th day of November, 2019.

_____
Dominic W. Lanza
United States District Judge